**YUEXIAN HE, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 05–74936.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 1, 2009.

Filed June 3, 2009.

William Kiang, Law Offices of Kiang and Kiang, San Gabriel, CA, for Petitioner.

Ada Elsie Bosque, Trial, Oil, U.S. Department of Justice, Washington, DC, Brian M. Hoffstadt, Esquire, Jones Day, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: RYMER, GRABER, and BEA, Circuit Judges.

## MEMORANDUM *

Yuexian He, a national and citizen of China, petitions for review of a final order of the Board of Immigration Appeals, affirming an immigration judge's ("IJ") order denying her claim for withholding of removal. We have jurisdiction, 8 U.S.C. § 1252(a)(1), and grant the petition.

The IJ's adverse credibility determination is not supported by "specific, cogent reasons," *Shire v. Ashcroft*, 388 F.3d 1288, 1295 (9th Cir.2004), that go to the heart of Ms. He's claims, *see Ceballos–Castillo v. INS*, 904 F.2d 519, 520 (9th Cir.1990). The inconsistencies identified by the IJ are either immaterial or nonexistent. Therefore, the adverse credibility finding is not supported by substantial evidence. *See Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir. 2002).

Because there was no basis for finding Ms. He not credible, we accept her description of events in China as true. *See Marcos v. Gonzales*, 410 F.3d 1112, 1118 (9th Cir.2005). Although the general policy when reversing an adverse credibility determination is to remand to the agency, *see Wang v. Ashcroft*, 341 F.3d 1015, 1023 (9th Cir.2003), this is one of the rare instances where remand is unnecessary. "[V]ictims of forced abortion are 'entitled by virtue of that fact alone' to withholding of removal." *Tang v. Gonzales*, 489 F.3d 987, 992 (9th Cir.2007) (quoting *Qu v. Gonzales*, 399 F.3d 1195, 1203 (9th Cir.2005)). Because Ms. He credibly testified she endured a forced abortion at the hands of Chinese government officials, she is entitled to withholding of removal.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

PETITION GRANTED; WITHHOLDING OF REMOVAL GRANTED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provid-